L. HUTH, SR., v. THEODORE HEERMANN.

No. 94.

1. **Common Source — Boundary Lines.**—In every case where there is a question as to the position of a common line, there is necessarily a contest concerning the land between the positions of the line as claimed. Where defendant seeks to hold it as within the boundaries of his deed, it is such a claim as enables plaintiff to deraign his title from the source from which defendant's title has come.

2. **Same.**—The fact that the court, in ascertaining the defendant's boundary line from his deeds and evidence in connection, determined that his deeds did not embrace any of the land contended for, would not occasion a failure in plaintiff's proof of title. It is the endeavor or claim on the part of defendant to hold the land by means of his deeds which justifies the admission of the evidence.

ERROR from Bexar. Tried below before Hon. W. W. KING.

*John H. Copeland* and *George C. Altgelt*, for plaintiff in error. — A plaintiff in trespass to try title who does not deraign title from the sovereignty of the soil, or prove an occupancy and possession prior to that of defendant, must show the superior title under a common source, in order to recover.

*S. G. Newton*, for defendant in error.—Defendant in error proved that he and plaintiff in error claimed title to the land in controversy by and through a common source, and that he (defendant in error) had the superior title under such common source, and that the property described in the petition was included in the description as contained in his deeds.

JAMES, Chief Justice.—The controversy is concerning the title to a strip of ground fronting ten feet and three inches on Market Street, in the city of San Antonio, and running south to the river, lying between property claimed by Huth on the west and property claimed by Heermann on the east.

The defendant, Huth, pleaded not guilty, and five and ten years limitations.

The trial was without a jury, and judgment was in favor of the plaintiff, Heermann.

The errors assigned are:

1. That plaintiff, Heermann, proved no title superior to defendant's, and did not show that the strip was included within the description contained in his deed.

2. That the defenses of limitation were established by proof, and judgment should have been for defendant.

3. That the evidence established the east line of said strip as a boundary by acquiescence of the parties.

*Conclusions of Fact.*—1. In reference to the east line of the property being made the common boundary line between these parties by acquiescence, this court finds: That testimony introduced by defendant would show that about 1878 the plaintiff set posts upon this line; that defendant nailed planks to the posts; that the fence has been there since; and when any of the planks became defective, defendant would have others nailed on. That prior to 1878 a fence, which had been constructed in 1869 by Huth, had been on the line, and rotted down, and was replaced by this new one. This court further finds on this subject, that there was evidence that in 1878 Heermann had a survey made of all this property, and defendant's east line was by said survey located to be at the east wall of his building (where Heermann contends it is), and at that time Huth removed his fence, which was located then only four feet east of his wall,

back to the line ascertained by the survey. That in 1878, when Heermann put the line of posts on the east line of the property now in dispute, Huth claimed the ground to be an alley, and not as his own property. That there was also evidence that when Duerler commenced building a shed under a lease from plaintiff, Huth claimed the strip now in controversy, and about as much more of Heermann's property, as a public alley, and objected to the improvements. That Huth also petitioned the city council in relation thereto. This was in 1883. That the testimony on this subject was given by witnesses who testified personally.

2. On the subject of limitation, this court concludes from the evidence, that none of the land in controversy was included in defendant's deed; nor is it shown that taxes have been paid by defendant on this particular property. That defendant's grantor, William Richter, in 1854 built a fence where he claimed his east line to be, viz., about three feet from Huth's present east wall, and enclosed it with his property. Before he sold to Huth, which was in 1863, he moved the east fence eastward so as to include in all the ten feet three inches now in dispute, but never claimed as his own that east of his original fence. There was no evidence that Richter had paid any taxes, and, as stated before, the three feet was not in fact included in his deed. This disposes of all right to the land by limitations up to 1870. The evidence of Heermann and Duerler, above indicated, shows a state of facts inconsistent with a right to the land by reason of limitations.

3. On the question of whether or not plaintiff has shown a superior title to the strip of ground, this court concludes that it is shown by the evidence: That plaintiff has shown a title by deeds from and under Juana Curbelo, and that defendant's title also comes from Juana Curbelo. That the deed from Juana Curbelo which defendant has was to Ignacio Arocha, dated in 1834, and that under which plaintiff holds from Juana Curbelo was to Teodora Carbajal, dated in 1837, and calls to be bounded on the west by land of Ignacio Arocha.

That Ignacio Arocha conveyed to John McMullen in 1839; the title of John McMullen came to William Richter in 1854, as will be seen by the recitals in the deed to Richter. In this deed the property it conveyed to Richter calls to be bounded on the east by property belonging to Sam Hall. Richter, in 1863, conveys to Huth, the defendant, and in this deed the property is described as being bounded on the east by property of the estate of S. Hall. It was shown that Heermann had acquired the property of Sam Hall.

*Conclusions of Law.*—Inasmuch as there is evidence in support of the judgment, so far as the issues concern a conventional line and the statutes of limitations, and the testimony was oral, it is the duty of this court

not to revise the judgment in these respects, and our conclusion is that there are no such issues here.

In reference to the sufficiency of plaintiff's proof of title, our conclusions are as follows:

The plaintiff endeavored to show his title to the strip of ground by means of a common source of title, namely, Juana Curbelo. Appellant contends that plaintiff's and defendant's titles emanating from Juana Curbelo are to separate and distinct properties. Had the defendant made no claim upon this trial that his deeds included any of the ground in question, and had simply required plaintiff to show his title thereto, and upon plaintiff's proof it had appeared that defendant's deed did not embrace this ground, it could not be said that a common source of title to the property in controversy had been shown.

But we find that the evidence raises an issue as to defendant's east boundary; and he introduced evidence to show that this boundary of his land included at least three feet of the strip, and some of his evidence shows it to be five feet thereof.

Richter, one of defendant's witnesses, says that he claimed as his east line a few feet east of where the east line of Huth's store now stands, and he put his fence at a place where it included about three feet of the land in controversy.

The defendant testified: " My property extends beyond the east wall of my store house. * * * When I bought the property from Richter, in 1863 or 1864, there was a fence in the line of the trees, say five feet east of my east wall, that enclosed Richter's yard."

It is evident that defendant was asserting claim to so much as five feet of the land in question, by virtue of his purchase from Richter. To this extent at least, and by virtue of this attitude assumed by defendant, amounting, in fact, to an assertion of title to this extent through conveyances under Juana Curbelo, the latter would be presented as the common source of title, and it was not necessary for plaintiff to do more than show a title to himself from said Juana Curbelo. In every case where there is a question as to the position of a common line, there is necessarily a contest concerning the land embraced between the respective positions of the line as claimed. Where the defendant seeks to hold such intermediate land as within the boundaries of his deed, it is such claim that enables plaintiff to deraign his title from the source from which the defendant's title has come, although the trial may result adversely to defendant as to the extent of his lines.

It is the endeavor or claim on the part of the defendant to hold the land by means of his deeds, which justifies the admission of the evidence. The fact that the court, in ascertaining the boundaries of Huth's property from his deeds and from the evidence in connection therewith, determined against Huth, by finding that his deeds did not in fact embrace

any of the five feet as he contended, would not occasion a failure in plaintiff's proof of title. We regard the position taken by defendant on the trial, when under a plea of not guilty he undertook to claim that his purchase from Richter embraced part of the strip, has the same effect on the testimony as if he had specially pleaded it.

As to that portion of the strip which lies east of the five feet aforesaid, it may be said that defendant has not claimed it by virtue of his deed, and the foregoing discussion would not as to this be applicable. However, we are of the opinion that the plaintiff's title was sufficiently made to appear in this case, independently of common source.

It appears in defendant's deed from Richter, dated in 1863, that the property was described as being bounded on the east by property of Sam Hall. It further appears in the deed preceding this, viz., the one to Richter, that the property conveyed was bounded on the east by the property of Sam Hall. The evidence showed that plaintiff Heermann had acquired the property of Sam Hall. There was evidence to establish the east boundary line of Huth's property, in accordance with his deeds, to be at the east wall of his building, and which would not include any of the property involved. The deeds read in evidence by plaintiff do not appear to have been offered for the limited purpose of showing title by common source. These deeds, by which the defendant holds title to his adjoining land, contain an express recognition that the land adjoining it on the east was the property of Sam Hall. This would be, in a contest between the adjoining owners growing out of an encroachment by Huth on his east side, evidence of title in Sam Hall and those holding under him; though not in the sense of an estoppel, for undoubtedly Huth would have been allowed to show the contrary.

The result of our investigation of the case is, that the declaration contained in the defendant's deeds is sufficient to show a superior title in plaintiff to the land east of defendant's boundary—that is to say, the adjoining ten feet and three inches in question; and in addition, there was proof of plaintiff's title by common source to the east five feet of the strip, as above explained.

Therefore the judgment is affirmed.

*Affirmed.*

Delivered November 29, 1893.

Motion for rehearing refused.